IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BRYANT,<br><br>            Petitioner,<br><br>   vs.<br><br>M.C. KRAMER,<br><br>            Respondent.<br>                                                        / | No. C 02-2942 WHA (PR<br><br>**ORDER TO FILE SECOND AMENDED PETITION AND NOTICE OF INTENT TO PROSECUTE** |

Petitioner, proceeding pro se, filed this petition for a writ of habeas corpus. Petitioner's many convoluted pleadings and other filings make it impossible to discern which claims plaintiff intends to present as a basis for habeas relief.

Despite being ordered to clearly set forth all of the exhausted claims he wishes to present in a single amended petition (see, e.g., Order of August 26, 2003), Petitioner has not done so. The currently operative petition, an amended petition filed on September 3, 2003, sets forth nine claims, five of which were subsequently found not to have been exhausted. In his September 21, 2005, motion requesting a stay to allow him to exhaust his unexhausted claims, petitioner lists ten claims that he wished to exhaust, which claims differed from those in the first amended petition. On November 3, 2005, after he had purportedly exhausted various claims in the California Supreme Court, petitioner moved to amend the petition to add newly exhausted claims, but he did not identify the claims he wanted to add. Consequently, the motion was denied on April 6, 2006. Then, on April 21, 2006, petitioner filed a motion stating that he did not in fact want to further amend his petition, but he then contradicted himself by setting forth a list of the purportedly exhausted claims he wishes to present with different the claims set forth

in his latest amended petition, filed on September 3, 2003.

It is not practical for petitioner's issues to be listed in multiple documents. The original petition contained six claims, his two amendments thereto set forth six different claims, his first amended petition set forth nine other claims, and his motions prior to and following the stay of this case listed still other that he purports to present. Petitioner will be ordered to file a second amended petition, for clarity's sake on the court's habeas petition form, in which he must list all of the claims he intends to raise in one place.

In addition, petitioner may only include exhausted claims in his second amended petition. He has twice filed petitions in this case with unexhausted claims despite having been explained that such "mixed" petitions are not allowed, *see Rose v. Lundy*, 455 U.S. 509, 522 (1982), and he has twice been given the opportunity to exhaust additional claims in state court while this case is stayed. His inclusion of any unexhausted claims for a third time, in his second amended petition, for a third time, will result in the dismissal of this action without further opportunity for a stay or to amend the petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (petitioner must show good cause to obtain stay of petition).

Finally, the last communication from petitioner to the Court occurred over two and a half years ago, on February 5, 2007, when petitioner filed a notice that he was changing address after apparently being released from custody. Thus, it is not clear whether petitioner still wishes to prosecute this case, and he will be ordered to file a notice of intent to prosecute.

**CONCLUSION**

1. Within thirty days of the date this order is filed, petitioner shall file a notice of intent to prosecute this matter. His failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. Also within thirty days of the date this order is filed, petitioner shall file a second amended petition that clearly lists all of the issues he wishes to raise, and that shall only include claims that have previously been exhausted. The second amended petition shall be on the court's form for Section 2254 habeas petitions filed by state prisoners. He must write "Second Amended Petition" and the number of this case, C 02-2942 WHA (PR), on the first page to

avoid having it treated as a new case. The second amended petition will completely replace the original petition and the previous amendments, so petitioner must include all claims he wishes to have considered. Petitioner will not have any further opportunity to amend or stay this petition as he has already had opportunities to do so. Petitioner's failure to file a second amended petition in accordance with this order will result in the dismissal of this action.

    3. In light of the age of this case, and the fact that petitioner no longer appears to be incarcerated, no extensions of time will be granted.

    4. The clerk shall send petitioner, along with this order, the court's blank form for petitions filed by state prisoners.

    IT IS SO ORDERED.

Dated: September 1, 2009

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.02\BRYANT942.OSC-FTP.wpd